# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, an individual,

        Plaintiff,                      CASE NO.:

v.

WALMART, INC., a Delaware corp.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues Defendant WALMART, INC., (hereinafter "Defendant"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3. At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of Miami-Dade County, Florida.

4. Defendant, WALMART, INC., is a Florida corporation authorized to do business in Miami-Dade County Florida, and upon information and believe, operating that certain Walmart fuel station located at 6991 SW 8th St, Miami, FL 33144  (The "Subject Property").

5. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff cannot walk independently and must use a wheelchair for mobility purposes. Plaintiff drives a specialized vehicle, which allows him to drive notwithstanding his serious disabilities. Plaintiff lives less approximately six miles from the Subject Property, shops at the adjoining Walmart store, and is a Walmart credit card holder.

6.  On August 16, 2020, Plaintiff visited the Subject Property, in order to make a purchase. After making his purchase, Plaintiff pulled into the adjoining Walmart fuel station to buy gas. Plaintiff pulled up to a pump, which advised disabled customers to call *786-275-4094* for fuel pump assistance. When called, this number states that it is not accepting incoming calls. Plaintiff pulled up to another pump, indicating that disabled customers should dial *863-302-6012 Ext. 427* for assistance. Plaintiff called this number and was told that he had reached a Walmart store in Labelle, Florida, and that they could not assist with this issue at a Miami store. As a result, Plaintiff left the Subject Property without buying any gasoline.

7. Venue is appropriate in this District, because all events giving rise to the instant action occurred in this District, and the Subject Property is in this District.

## COUNT I
## VIOLATION OF THE ADA

8. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

10. Congress specifically found, *inter alia*, that:[1]

a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).
[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

(ii)   Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii)   Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

12.   In May 1999, the Department of Justice issued specific regulations governing gas stations and delineating how such businesses are to become accessible to the physically disabled, as required by the ADA; pursuant to those regulations, gas stations are required, *inter alia*, to "let patrons know (e.g., through appropriate signs) that customers with disabilities can obtain refueling assistance by either honking or otherwise signaling an employee." *www.ada.gov/gasbrprt.pdf*.

13.   In addition to the foregoing, the ADA specifically prohibits,

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

*42 U.S.C. § 12182(b)(2).*

14.   Here, Defendant has failed on all counts. It failed to "let patrons know (e.g., through appropriate signs) that customers with disabilities can obtain refueling assistance by either honking or otherwise signaling an employee." It likewise failed to take such steps as would be necessary to ensure that Plaintiff (and others) are not excluded on the basis of disability, even though doing so would not be an undue burden, nor fundamentally change the nature of the goods and services that are provided.

15.   Defendant clearly knows that it has obligations under the ADA, because Defendant's gas pumps have stickers displaying the international symbol of accessibility, and a

message to call the displayed number for assistance – yet Defendant could apparently not be bothered to ensure that appropriate numbers are actually provided.

16. Plaintiff lives very close to the Subject Property, and intends to visit the Subject Property again in the future, perhaps repeatedly, in order to fill his vehicle with gasoline; however, in light of his disabilities, unless and until the Subject Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will be discriminated against.

17. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

18. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remediate the ADA violations set forth herein, and to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff, by making appropriate alterations to policies and procedures.

19. This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendant' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities as required by law.

20. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.

21. Plaintiff will continue to experience unlawful discrimination because of Defendant' failure to comply with the ADA unless and until that failure is enjoined.

22.	Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property so that it is made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, and closing the facilities until the requisite modifications are complete.

WHEREFORE, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

a)	A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendant is in violation of the ADA;

b)	An Order requiring Defendant to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendant to undertake and complete corrective procedures to Subject Property;

c)	An Order requiring Defendant to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA;

d)	An Order issuing a permanent injunction ordering Defendant to close the Subject Property and cease all business thereon until Defendant removed all violations under the ADA, including but not limited to the violations set forth herein;

e)	An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f)	For such other and further relief that this Court deems just, necessary and proper.

DATED this **19th** day of **August,** 2020.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: */s/ Nolan Klein, Esq.*
NOLAN K. KLEIN, ESQUIRE
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com